ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| Assist Consultants Inc. | ) ASBCA Nos. 61525, 62090 |
| | ) |
| Under Contract No. W912ER-18-C-0009 | ) |

APPEARANCES FOR THE APPELLANT:      Lee-Ann C. Brown, Esq.
                                    Douglas L. Patin, Esq.
                                    Sabah K. Petrov, Esq.
                                      Bradley Arant Boult Cummings LLP
                                      Washington, DC

APPEARANCES FOR THE GOVERNMENT:  Michael P. Goodman, Esq.
                                   Engineer Chief Trial Attorney
                                 Rebecca L. Bockmann, Esq.
                                 Matthew Tilghman, Esq.
                                   Engineer Trial Attorneys
                                   U.S. Army Engineer District, Middle East
                                   Winchester, VA

OPINION ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION BY
ADMINISTRATIVE JUDGE D'ALESSANDRIS

In an opinion dated April 29, 2021, the Board denied cross-motions for summary judgement filed by appellant Assist Consultants, Inc. (ACI) and respondent, the United States Army Corps of Engineers (USACE or government).  *Assist Consultants*, *Inc.*, ASBCA Nos. 61525, 62090, 21-1 BCA ¶ 37,850.  The government timely filed a motion for reconsideration, alleging error in our decision "insofar as it concludes that, as a matter of law, a request for termination for convenience sufficiently replaces the requirement that a contractor who has continued performance after discovering a breach must reserve its rights to avoid a finding waiving its right to claim breach later" (gov't mot. at 1).  For the reasons stated below, the government's motion for reconsideration is denied.

DECISION

A motion for reconsideration is not the place to present arguments previously made and rejected.  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (quoting *Official Comm. of the Unsecured Creditors of Color Tile*, *Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).  Moreover, "[m]otions for reconsideration do not afford litigants the

opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon*, 741 F.3d at 1378; *see also Avant Assessment*, *LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. On the other hand, if we have made mistakes in the findings of fact or conclusions of law, or by failing to consider an appropriate matter, reconsideration may be appropriate. *See Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911; *L&C Europa Contracting Co.*, ASBCA No. 52617, 04-2 BCA ¶ 32,708. The Board recently summarized the standard for reconsideration stating "[i]n short, if we have made a genuine oversight that affects the outcome of the appeal, we will remedy it." *Relyant*, *LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,146 at 180,841. Here, as in *Relyant*, no such mistakes have been identified.

In our decision, we held that the government had satisfied its initial burden of demonstrating that its termination for default was justified, but denied the government's motion for summary judgment, because there were material issues of fact regarding ACI's affirmative defense alleging a prior material breach by the government. *Assist Consultants*, 21-1 BCA ¶ 37,850 at 183,799. Under the summary judgment standard of review, we also denied the government's argument that, even if its failure to disclose the base access restrictions to bidders could constitute a material breach, that ACI had waived the breach by preforming and not reserving its rights. *Id.* at 183,810. We rejected the argument, noting that "the government's argument completely ignores the fact that ACI requested a no-cost termination for convenience immediately after the preconstruction conference where the government announced that Afghan workers would not be permitted on the base." *Id.* The Board did not hold, as a matter of law, that a request for a termination for convenience was legally sufficient to reserve ACI's right, but rather, cited the termination for convenience request as an example of a factual issue preventing the entry of summary judgment.

To the extent the government argues in its motion for reconsideration that it is entitled to entry of judgment as a matter of law, because ACI did not identify a specific reservation of rights, we disagree and hold that there are material factual issues in dispute. The government cites selectively from 13 Williston on Contracts § 39:35 (4th ed.) for the proposition that ACI's failure to expressly reserve its rights entitles the government to judgment as a matter of law (gov't reply at 2). However, read in full, Williston provides:

> Mere silence, acquiescence, or inactivity is insufficient to show a waiver of contract rights where there is no duty to speak or act. But silence or inaction, coupled with knowledge by the party charged with a waiver that the contract's terms have not been strictly met, and detrimental reliance by the other, for such a length of time as to manifest an intention to relinquish the known right may result in a waiver of rights under the contract.

2

13 RICHARD A. LORD, WILLISTON ON CONTRACTS § 39:35 (4th ed. 2013) (footnotes omitted).

ACI asserts, in opposition to the government's motion for reconsideration, that it did not have complete knowledge of the government's breach until after the termination and subsequent discovery (app. resp. at 4-10). ACI alleges that the government misled ACI by stating that the USACE had received "no UAE confirmation" that there was a policy denying access to Afghan passport holders (*id.* at 8; R4, tab 13), and that the government's statement was misleading because the government knew that it would not get confirmation from the UAE authorities and that the USACE never tried to get confirmation after the pre-construction meeting (app. resp. at 8). ACI's allegations are supported by Mr. Amiri's declaration and an e-mail, produced in discovery, demonstrating that the government was aware of a potential base access problem in June 2017, months before the December 2017 award at issue here (app. mtn. sum. J. ex. 2). ACI further points to its response to the show cause letter where ACI reported that it was "taking all steps to submit the required documentation to the UAE and obtain a written position from UAE authorities as to whether or not we will be allowed access" as proof that it did not yet possess full knowledge regarding the ability of its Afghan workers to access the base (app. resp. at 8 (quoting R4, tab 15)). The courts have held that waiver does not apply during a limited course of action while a party seeks more information. *See, e.g., O.K. Sand and Gravel, Inc. v. Martin Marietta Corp.*, 819 F. Supp. 771, 783 (S.D. Ind. 1992) *aff'd* 36 F.3d 565 (7th Cir. 1994) (single renewal of agreement after knowledge of breach while producer demanded more information was not ongoing acquiescence required to establish waiver).

The government cites to e-mails between ACI and its legal consultant to argue that ACI knew on January 21, 2018, that it had a potential legal argument that the government had materially breached the contract (gov't reply at 5-7). However, the government did not cite these documents in its summary judgment briefing, or even in its opening brief in this motion for reconsideration. We do not consider new arguments raised in a motion for reconsideration where the evidence was available to the moving party at the time it filed its brief. *Dixon*, 741 F.3d at 1378; *Avant Assessment, LLC*, 15-1 BCA ¶ 36,137 at 176,384. Accordingly, we continue to find that there is a material factual dispute regarding ACI's knowledge. *See Northern Helex Co. v. United States*, 455 F.2d 546, 551 (Ct. Cl. 1972).

ACI additionally notes that it never received a notice to proceed under the contract, and thus, alleges that contract performance had not begun such as to trigger the election doctrine (app. resp. at 8-9). The government disputes ACI's interpretation, again citing to documents in that record that it failed to cite in its dispositive motion (gov't reply at 21-24). The fact that ACI did contractual work without having received a notice to proceed is relevant to the waiver argument in that the reasoning behind the waiver provision is so that "one side cannot continue after a material breach by the

3

other (such as failure to pay), act as if the contract remains fully in force (although stopping performance would be fair and convenient), run up damages, and then go suddenly to court." *Northern Helex Co. v. United States*, 455 F.2d at 551. Here, ACI could not *run up damages* because it was performing the work at its own risk. The government also fails to note how it relied to its detriment on ACI's continued performance, absent a notice to proceed.

Finally, the government's motion seeks to treat the election requirement as applying the moment the contractor first becomes aware of possible breach. The government points to the fact that ACI performed for 23 days as evidence of a knowing waiver (gov't reply at 5-13). However, as noted in the government's reply brief, what is required is "reasonable promptness" (gov't reply at 8 (quoting *Supreme Foodservice GMBH*, ASBCA No. 57884 *et al.*, 16-1 BCA ¶ 36,387 at 177,395)). Whether 23 days is a reasonable time is an issue requiring further factual development. *See, e.g.*, *TECOM, Inc.*, IBCA No. 2970-a-1, 95-2 BCA ¶ 27,607 at 137,597 (finding no waiver after 4½ months of performance).

## CONCLUSION

For the reasons stated above, the government's motion for reconsideration is denied.

Dated: October 18, 2021

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61525, 62090, Appeals of Assist Consultants Inc., rendered in conformance with the Board's Charter.

Dated:  October 19, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals